Prob 12D
(6/05)



FILED
DISTRICT COURT OF GUAM
APR -5 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

for

District of Guam

# Request for Summons and Modification of the Conditions or Term of Supervision

Name of Offender: **Johnny Wu Su**  Case Number: **CR01-00089-001**

Name of Sentencing Judicial Officer:  John S. Unpingco

Date of Original Sentence:  July 23, 2002

Original Offense: Possession with Intent to Distribute Crystal Methamphetamine Hydrochloride aka "ICE", in violation of 21 United States Code Section 841(a)(1).

Original Sentence: 60 month term of imprisonment followed by a 96 month term of supervised release with conditions: not use or possess illegal controlled substances and shall submit to one urinalysis within 15 days after release from imprisonment and to two more urinalyses thereafter; refrain from the use of any and all alcoholic beverages; participate in a substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse and make co-payment for treatment at rate to be determined by the U.S. Probation Office. Shall undergo a mental health assessment approved by the U.S. Probation Office and shall submit to any recommended treatment as a result of that assessment and make co-payment for treatment at a rate to be determined by the U.S. Probation Office; support his dependents and perform 400 hours of community service under the direction of the U.S. Probation Office; and pay a $100 special assessment fee.

Type of Supervision:  Supervised Release  Date Supervision Commenced: December 3, 2004

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

ORIGINAL

CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

*(See attached Declaration in Support of Petition  
submitted by U.S. Probation Officer Grace D. Flores)*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| ROSSANNA VILLAGOMEZ-AGUON<br>U.S. Probation Officer<br>Supervision Unit Leader | Assistant U.S. Attorney | GRACE D. FLORES<br>U.S. Probation Officer |
| Date: 3/15/06 | Date: 4-3-04 | Executed on: March 14, 2006 |

THE COURT ORDERS:

☐ No action.

☒ The issuance of a summons.

☐ Other: _____

Signature of Judicial Officer

4/05/06  
Date

RECEIVED  
APR - 4 2006  
DISTRICT COURT OF GUAM  
HAGATNA, GUAM

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| **United States of America,**<br>　　　　Plaintiff,<br><br>vs.<br><br>**Johnny Wu Su,**<br>　　　　Defendant. | ) CRIMINAL CASE NO.: 01-00089-001<br>)<br>)<br>) DECLARATION IN SUPPORT OF PETITION<br>)<br>)<br>)<br>) |

I, U.S. Probation Officer Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Johnny W. Su, and in that capacity declare as follows:

On July 23, 2002, Johnny Wu Su was sentenced by the Honorable John S. Unpingco for the offense of Possession with Intent to Distribute Crystal Methamphetamine Hydrochloride aka "ICE", in violation of 21 U.S.C. §841(a)(1). Mr. Su's term of supervised release began on December 3, 2004.

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Johnny Wu Su's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Su's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender.

Declaration in Support of Petition
Re: SU, Johnny Wu
USDC Cr. Cs. No. 01-00089-001
March 14, 2006
Page 2

To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Su's mandatory condition to set the maximum number of tests he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Su paid the $100 special assessment fee on January 13, 2003. He has completed the substance abuse treatment program and is gainfully employed.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Johnny Wu Su to appear for a hearing to answer or show cause why his term of supervised release should not be modified pursuant to Title 18, United States Code, Section 3583(e)(2).

Executed this 14th day of March 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: *[signature]*
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

*[signature]*
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: AUSA
Jehan'Ad G. Martinez, Defense Counsel
File