

**FILED**
DISTRICT COURT OF GUAM
AUG 21 2006
MARY L.M. MORAN
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 01-00089-001 |
| Plaintiff, | ) | |
| | ) | **SUPPLEMENTAL** |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| JOHNNY WU SU, | ) | |
| Defendant. | ) | |
| | ) | |

I, U.S. Probation Officer Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Johnny W. Su, and in that capacity declare as follows:

On July 23, 2002, Johnny Wu Su was sentenced by the Honorable John S. Unpingco for the offense of Possession with Intent to Distribute Crystal Methamphetamine Hydrochloride aka "ICE", in violation of 21 U.S.C. §841(a)(1). Mr. Su's term of supervised release began on December 3, 2004.

**Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime.* On August 10, 2006, Johnny Wu Su was arrested for the offense of Robbery, Conspiracy To Commit Robbery, Burglary, Conspiracy To Commit Burglary, Theft of Property, Deadly Weapons Used In Felonies, Assault, Reckless Conduct, Terrorizing, Felonious Restraint, Unlawful Restraint, Guilt Established By Complicity, Criminal Facilitation, Possession of A Firearm without A Firearms Identification Card. Guam Police Department Police Report number 06-19318 outlined the offense as follows:

> On July 30, 2006, at 6:17 a.m., Guam Police Department Officers received an anonymous report of a burglary in progress at the Mendiola residence in Dededo, Guam. Officers responded and witnessed several male individuals with shirts over their faces leaving the residence. Upon seeing the police, the men ran into the jungle adjacent to the home.

**ORIGINAL**

Supplemental Declaration in Support of Petition
Re: SU, Johnny Wu
USDC Cr. Cs. No. 01-00089-001
August 18, 2006
Page 2

Through their investigation, GPD Officers discover that during a drug transaction between Kim Vawter, Michael Castro, and Daniel Santos with Francisco Pangelinan, an occupant of Dededo, Guam, Pangelinan indicated that he has a big load of ice and was inquiring if anyone wants to buy the load.

GPD Officers received information from Daniel Santos that Johnny Su was upset because someone intercepted his load of ice. After smoking ice at Johnny Su's apartment, Santos, Michael Castro, Daniel Cruz, Simeon Herbert, and Su went to the Mendiola residence in two vehicles, a Nissan Pathfinder and an Acura Integra. They parked their vehicles at the back of the home and knocked on the bedroom window with no answer. Daniel Santos noted that after approximately three to five minutes, Su exited the vehicle and pried the door open and others followed into the residence.

Once in the residence, the occupants were awaken by the intruders, restrained with plastic cable tie wraps, and their eyes were covered. The intruders demanded money and jewelry. The intruders exited their vehicles and ran into the jungle as police vehicles approached.

The two vehicles left at the scene were a 1999 White Nissan Pathfinder and a 1996 gold/beige Acura Integra. In the Pathfinder was a loaded, Mossberg 12 gauge shotgun 590 Series with an obliterated serial number; five 9 millimeter unexpended rounds; $92 cash; jewelry, three heat sealed straws containing suspected methamphetamine; Guam license plate "NTG"; and an unopened safe.

Arrested in connection with the home invasion and armed robbery were Daniel C. Cruz, Michael P. Castro, Simeon K. Herbert, and Daniel K. Santos.

On August 10, 2006, Johnny Su was arrested in connection with the home invasion and armed robbery. Mr. Su was booked and confined at 1256 on August 11, 2006. The Attorney General's Office released him at 1445 on that same date.

**Mandatory Condition:** *The defendant shall not illegally possess a controlled substance.* On August 15, 2006, Officer E.G. Piolo was contacted by the undersigned and indicated that a search warrant was obtained for Johnny Su's apartment. Seized from the apartment were 10 heat sealed straws containing suspected methamphetamine, scales, several ziplock bags, residue of suspected methamphetamine in empty straws, and plastic cable tie wraps, the same as those confiscated from the Mendiola residence. Officer Piolo indicated that Johnny Su is the only resident of the apartment.

Supplemental Declaration in Support of Petition
Re: SU, Johnny Wu
USDC Cr. Cs. No. 01-00089-001
August 18, 2006
Page 3

**Standard Condition:** *The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.* Mr. Su has failed to report his arrest as required.

**Supervision Compliance:** There has been no contact with Mr. Su by the U.S. Probation Office since July 10, 2006, as Mr. Su has failed to report to the U.S. Probation Office. A violation report of Mr. Su's noncompliance was submitted to the District Court on August 14, 2006.

**Recommendation:** This Officer respectfully requests that this supplemental declaration in support of petition and the amended violation worksheet be considered with the violation report submitted previously.

Executed this 21st day of August 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Russell Stoddard, AUSA
John Gorman, FPD
File

AMENDED VIOLATION WORKSHEET

1. Defendant **Johnny Wu Su**
2. Docket Number (Year-Sequence-Defendant No.) **CR 01-00089-001**
3. District/Office 0993/1
4. Original Sentence Date  07 / 23 / 2002
   (month / day / year)

(If different than above):

5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Arrest for Disorderly Conduct, Obstruction of Government Operation, and Resisting Arrest on July 7, 2006. | C |
| • Use of a controlled substance on June 23, 2006. | C |
| • Failure to submit to substance abuse testing on June 29, 2006; and July 10, 13, 18, and 25, 2006. | C |
| • Failure to submit a complete and written report for June 2006. | C |
| • Arrest for Robbery, Conspiracy To Commit Robbery, Theft of Property, Deadly Weapons In Felonies, Assault, Reckless Conduct, Terrorizing, Felonious Restraint, Unlawful Restraint, Guilt Established by Complicity, Criminal Facilitation, Possession Of A Firearm Without A Firearm Identification Card on August 10, 2006. | A |
| • **Failure to notify the probation officer within 72 hours of being arrested.** | C |
| • **Possession of a controlled substance.** | A |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **A**
9. Criminal History Category (see §7B1.4(a)) — **II**
10. Range of Imprisonment (see §7B1.4(a)) — **27-33** months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[X] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, One Columbus Circle, N.E. Suite 2-500 Washington, D.C. 20002-8002 Attn: Document Control, Office of Monitoring    *02/2003*

Defendant: **Johnny Wu Su**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | 400 hrs community service | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: __63-69 months__

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    *At the time of sentencing, the Court departed downward from the sentencing guidelines pursuant to U.S.S.G. Section 5K1.1. Pursuant to U.S.S.G., Section 7B1.4 Application Note 4., an upward departure from the revocation imprisonment term is authorized.*

15. **Official Detention Adjustment** (see §7B1.3(e)): __0__ months __2__ days

Mail documents to: United States Sentencing Commission, One Columbus Circle, N.E. Suite 2-500 Washington, D.C. 20002-8002 Attn: Document Control, Office of Monitoring   *02/2003*

Case 1:01-cr-00089   Document 30   Filed 08/21/2006   Page 5 of 5