IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

\* \* \*

**FILED**

**DISTRICT COURT OF GUAM**

**NOV 3 0 2006**

**MARY L.M. MORAN**
**CLERK OF COURT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) COURT OF APPEALS |
| | )    CASE NO. 06- |
|          Plaintiff, | ) |
| | ) |
|     vs. | )CRIMINAL CASE |
| | )       NO. CR01-00089 |
| JOHNNY WU SU, | ) |
| | ) |
|         Defendant. | ) |
| _____ | ) |

TRANSCRIPT OF PROCEEDINGS

BEFORE

THE HONORABLE MORRISON C. ENGLAND, JR.

Designated District Judge

**ORDER TO SHOW CAUSE HEARING/SENTENCING**

**WEDNESDAY, SEPTEMBER 27, 2006**

# ORIGINAL

Wanda M. Miles
Official Court Reporter
District Court of Guam

1   **APPEARANCES:**

2

3   FOR THE PLAINTIFF:     UNITED STATES ATTORNEY'S OFFICE
                           BY:   FREDERICK A. BLACK, Esq.
4                          ASSISTANT UNITED STATES ATTORNEY
                           Suite 500, Sirena Plaza
5                          108 Hernan Cortez Avenue
                           Hagatna, Guam  96910
6

7   FOR THE DEFENDANT:     CIVILLE & TANG
                           Attorneys At Law
8                          BY:   G. PATRICK CIVILLE, Esq.
                           330 Hernan Cortez Ave., #200
9                          Hagatna, Guam  96910

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    HAGATNA, GUAM; WEDNESDAY, SEPTEMBER 27, 2006; 11:54

2                              * * *

3         THE CLERK:  Criminal case 00-00089, United

4    States of America versus Johnny Wu Su, continued

5    further proceedings on order to show cause why

6    supervised release conditions should not be revoked.

7         Counsel, please state your appearances.

8         MR. BLACK:  Afternoon, Your Honor, Fred Black

9    for the government.

10        THE COURT:  Good afternoon.

11        MR. CIVILLE:  Morning, Your Honor, Patrick

12   Civille for Johnny Wu Su, and Mr. Su is present with

13   me.

14        THE COURT:  Mr. Civille, you had indicated

15   earlier that you needed time to speak to your client.

16   Did you have that time?

17        MR. CIVILLE:  I did go down and speak to him,

18   Your Honor.  If I could have just one moment; Mr. Su

19   was considering a matter and he was going to let me

20   know as he came into the courtroom.

21        THE COURT:  Go ahead.

22        (Pause.)

23        MR. CIVILLE:  Your Honor -- (static).

24        Is that me?  Sorry.

25        Your Honor, we are prepared to go forward.

1          If I may, Your Honor, Mr. Su is prepared to

2     enter an admission today.  He does have some matters

3     that he wants to bring to the court by way of

4     mitigation that we are not prepared to go forward on

5     today, and I don't know if it would be possible -- I'd

6     do it two ways.  I can make a proffer of what those

7     matters would be, or ask the court to delay the actual

8     disposition, make the admission today, but delay the

9     disposition until Friday.

10          THE COURT:  Can you give me a proffer as to

11     what those would be?

12          MR. CIVILLE:  Your Honor, there's no doubt

13     that beginning in about May of this year, Mr. Su

14     entered into a period where he certainly regressed

15     and had some inappropriate behavior, engaged in

16     inappropriate behavior.  Up until that time he had been

17     actually doing quite well.

18          And he had asked the court for an opportunity

19     -- he has, among other things, he is a graduate of the

20     University of Guam, he has a Bachelor's degree in

21     criminal justice.  He is just shy of having actually a

22     Master's in criminal justice.  He has also been taking

23     courses at Guam community college towards an automotive

24     technology degree and has a 4.0 average in that.  He

25     has asked me to, and believes he can obtain letters

1    from his faculty members in those two colleges, to

2    attest to his hard work and diligence over the past few

3    years.

4         He has also been employed in two places, one a

5    sporting goods store and the other in the Salvation

6    Army Lighthouse Recovery program where he was actually

7    both a, at one point a client, and then a like a

8    resident manager or counsellor, and he believes he can

9    provide the court with information from those two

10   sources as to his good behavior, and progress up until

11   approximately May where he, he entered into a very bad

12   period.

13        THE COURT:  All right.  Mr. Black?

14        MR. BLACK:  Yes, Your Honor.  The government

15   would prefer to go forward with the whole matter today.

16   We would not object, in fact, we would even stipulate

17   to these things he's saying in terms of that he's

18   bright and that he did well at the school and those

19   things, so we see no reason to continue the sentencing.

20        What we'd like to hear from the defendant is

21   what he's prepared to admit to.  And I think that the

22   best approach there would be to look at the

23   supplemental declaration in support of the petition,

24   the very last page of it, it lists all these different

25   violations.  My understanding is that he's prepared to

1 admit to all of them.

2 THE COURT: Do you have a copy of that for me?

3 I don't seem to have one here.

4 (Pause.)

5 THE COURT: Thank you.

6 MR. BLACK: The very last page, Your Honor,

7 deals with sort of a chart. It shows the different

8 things, starts off with an arrest for disorderly

9 conduct, and then there's use of controlled substance,

10 and it goes from there.

11 My understanding is the defendant is prepared

12 to admit to everything on that list except for the two

13 matters involving the arrests. And the government was

14 not going to argue those matters, but he was going to

15 admit to all the Class C violations as well as to a

16 Class A violation, that's possession of a controlled

17 substance, that dealt with the ten grams of

18 methamphetamine found in his residence.

19 So, on that list, my understanding is he's

20 prepared to admit to everything except for the two

21 arrests, and as long as there's a Class A violation,

22 it gives the court maximum latitude without having to

23 deal with all of the matters that went into those

24 arrests and the state violations that may proceed

25 independently of this court.

1   THE COURT: So what is your client prepared to

2   admit to today?

3   MR. CIVILLE: Your Honor, Mr. Black has

4   correctly stated what my client will admit to. And

5   specifically, use of a controlled substance, on June

6   23rd, 2006 was a Class C violation, failure to submit

7   to substance abuse testing on June 29, 2006, July 10th,

8   13th, 18th and 25th, 2006, Class C violations, failure

9   to submit a complete and written report for June 26 as

10  a Class C violation, failure to notify the probation

11  officer within 72 hours of being arrested, a Class C

12  violation, and possession of a controlled substance, a

13  Class A violation.

14  THE COURT: Are you willing to stipulate to

15  the good conduct and progress of your client as

16  indicated by Mr. Black?

17  MR. CIVILLE: Yes, Your Honor.

18  THE COURT: All right, I will accept that

19  stipulation, that he has obtained a Bachelor's degree

20  in criminal justice, appears to be a few units short of

21  concluding a Master's degree in criminal justice, which

22  obviously will attest to the level of dedication and

23  intelligence to get that far in that particular field,

24  and that he has also currently enrolled in the Guam

25  Community College auto technology and currently has a

1  4.0.  I would assume that's a 4.0 standard, so it would

2  be a straight A average in that particular course of

3  study as well.

4          So the court does recognize that he does have

5  the ability to do what needs to be done, and have the

6  intelligence to understand what needs to be done as

7  well.

8          That stipulation is entered.

9          Is your client prepared to admit to the other

10  items that we just mentioned?

11          MR. CIVILLE:  Yes, Your Honor.

12          THE COURT:  All right.  Mr. Su, a petition has

13  been filed in this matter alleging that you violated

14  the terms of your supervised release.  Do you

15  understand what that petition is.

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Sorry?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  At this time I'm going to ask you

20  whether or not you engaged in conduct which violated

21  certain terms of your supervised release when you were

22  sentenced back on July 23rd, 2002 by Judge Unpingco; do

23  you remember that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  All right.  First of all, do you

1  admit or deny that you used a controlled substance on

2  June 23rd, 2006?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  You say I admit or deny; which is

5  it?

6        THE DEFENDANT:  I admit.

7        THE COURT:  Do you admit or deny that you

8  failed to submit to substance abuse testing on June

9  29th, July 10th, 13th, 18th and 25th, 2006?

10       THE DEFENDANT:  I admit.

11       THE COURT:  Do you admit or deny that you

12  failed to submit a complete written report for June of

13  2006?

14       THE DEFENDANT:  (No response.)

15       MR. CIVILLE:  Your Honor he's -- my client is

16  whispering to me.  It was actually July that he missed,

17  not June.  Probation is checking that.

18       THE COURT:  But was July missed?

19       All right, I'll take that.  Do you admit or

20  deny that you failed to complete a written report for

21  July, 2006?

22       THE DEFENDANT:  Admit.

23       THE COURT:  All right.  Do you admit or deny

24  that you failed to notify the probation officer within

25  72 hours of being arrested?

```
 1               THE DEFENDANT:  Admit.
 2               THE COURT:  And do you admit or deny that you
 3      possessed a controlled substance?
 4               THE DEFENDANT:  Admit.
 5               THE COURT:  All right.  Counsel, will you
 6      stipulate that's a factual basis for each of these
 7      admissions?
 8               MR. CIVILLE:  Yes, Your Honor.
 9               MR. BLACK:  Yes, Your Honor.
10               THE COURT:  All right, thank you.
11               Having heard the defendant admit to the
12      violations, and also there being a factual basis for
13      the admissions, it's been stipulated to here in open
14      court, I will find those admissions to be true, all of
15      them.
16               And we're ready to proceed with disposition?
17               MR. BLACK:  Yes, Your Honor.
18               THE COURT:  Mr. Civille, are you ready to
19      proceed?
20               MR. CIVILLE:  Yes, Your Honor.
21               THE COURT:  Do you wish to be heard on
22      disposition?
23               MR. CIVILLE:  Yes, Your Honor.  Your Honor, if
24      I may, I would ask that the government be permitted to
25      go forward.  I think they have a recommendation that we
```

1    will support.

2              THE COURT:  Go ahead, Mr. Black.

3              MR. BLACK:  Yes, Your Honor.  The government

4    is recommending a 30-month period of imprisonment,

5    followed by 66 months of supervised release.  The

6    defendant has 96 months to go in terms of supervised

7    release.  Whatever period of incarceration the court

8    imposes we would subtract that from the 96 months), and

9    that would leave the amount that would follow.  The

10   government makes this recommendation because the

11   defendant is smart; he is capable, we hope, of

12   rehabilitating himself if he ever sets his mind to do

13   that.  And has done, as counsel pointed out, some good

14   things when he was out, but definitely fell off the

15   wagon and appears to have fallen off substantially from

16   May forward with some very serious situations.

17             The reason that the government recommends the

18   30 months is that the total amount of prison time

19   hanging over this defendant's head is up to five years

20   imprisonment, and of course the court could impose up

21   to five years of imprisonment.  But there would be a

22   benefit to the government in him having a period of

23   supervised release when he gets back out because I

24   think this individual needs to be closely monitored by

25   society when he gets out because of this repetitive

1   behavior in the criminal side.  If he got back out and

2   he still had 30 months over his head, which would be

3   the amount that he would have left over his head if

4   he's sentenced today to 30 months, that would give a

5   degree of punishment next time around that would still

6   be available.  It would subject him to 30 months at

7   this time, but then there would be 66 months left

8   available.

9          If the court goes higher than the 30 months,

10  it's less time that the court could impose a second

11  time around.  And I'm hoping that there won't be a

12  second time around, but based on the pattern of this

13  defendant, going back to the original presentence

14  report when he apologized to the court and said it

15  would never happen again -- Well, it is happening

16  again.  The question is just how much prison time to

17  give him at this time.  The government recommends 30

18  months.

19          THE COURT:  And 66 months of supervised

20  release?

21          MR. BLACK:  Yes, Your Honor.

22          THE COURT:  And I think that's very

23  appropriate, what you just said, that Mr. Su had said

24  originally this would never happen again and here it

25  has happened again.  And at the time Judge Unpingco

1    sentenced him, he was given an 18-month downward

2    departure from his original sentence, and he let the

3    judge at that time believe that it wouldn't happen

4    again.  So, I have taken that into consideration here

5    as well.

6           Mr. Civille?

7           MR. CIVILLE:  Your Honor, for six years it

8    didn't happen again.  Mr. Su was tested frequently

9    while on supervised release, he was tested I believe

10   six to eight times per month, on average, until this

11   summer, late spring-early summer, he had passed all of

12   his tests.  My understanding is that he ran into -- he

13   had progressed very nicely, had gone through the

14   Lighthouse Recovery program, and done a very fine job

15   there.  And had been made basically a semi-inmate

16   counsellor, sort of a patient counsellor, sort of

17   trustee.  There was a new person, a manager who came

18   in that -- he and Mr. Su did not get along, and Mr. Su

19   was placed on administrative leave, and eventually

20   terminated.

21          And I'm sure Your Honor sees it all the time,

22   you have people come before you who are just studies

23   in contrasts.  Mr. Su has been -- is obviously very

24   bright, as Mr. Black has pointed out, he's done very

25   well in school, seems to have a great deal of

1    potential, and at the same time he handles adversity

2    very poorly.  Being turned out of the Lighthouse

3    program, being rejected by the Lighthouse program

4    apparently for reasons that aren't clear in the limited

5    information I have on him, triggered in Mr. Su just

6    this defeatist attitude, and it led to substance -- his

7    getting back and using ice again, testing positive for

8    drugs, and just going into a very rapid downward

9    spiral.

10         We would ask the court, I would ask Your Honor

11   to adopt the government's recommendation of 30 months.

12   I would think it is a significant period of time, but

13   still, and it provides the government a hammer over his

14   head that the government seeks once Mr. Su gets out of

15   prison.  At the same time it also, I think, recognizes

16   the positive steps that Mr. Su had been making, and had

17   made really for over two years until this past summer.

18   And I think it holds out some hope for him that if he

19   can once again get control of whatever demons it is

20   that drive him, that he still has a chance once he gets

21   out to do something worthwhile with his life.  And more

22   just as importantly, to live a free life.

23         THE COURT:  All right.  Thank you.

24         And is there anything else Mr. Su wants to say

25   before I pronounce sentence?

1          THE DEFENDANT:  Your Honor, I'm sorry about

2      what happened.  I let a lot of people down.  (Pause.)

3      People that love and care about me.  I didn't manage

4      myself well.  And when I knew I needed help, I did call

5      my attorney, I sought advice what I should do, how I

6      can get help.  And he recommended that I turn myself in

7      and I will be helped one way or another.  And I

8      followed his advice, I self-surrendered.

9          And I would like, you know, I would like the

10     chance to, you know, get back to where I was when I

11     first was released.  Because during that period of time

12     I lost my job, the mother of my children kicked me out

13     of the house, I just had a newborn baby, I wasn't able

14     to see my newborn baby.  Kept that away from me.  My

15     mother wouldn't allow me into the house because of what

16     happened.  I had no family support, I had no financial

17     income, and somehow the only people that accepted me

18     were people that were of bad influence.  I had to

19     realize that.  And I do realize that.  And when I

20     finally woke up, and I realized it was getting out of

21     hand, I did the best I could, I self-surrendered.  I

22     didn't want to go any further beyond where, you know,

23     the amount of trouble I was already in.

24          And I admit, Your Honor, I had that disease of

25     addiction, and I want to get back into that drug

1    program again, and, you know, rehabilitation.  And if

2    it has to go and have incarceration, then fine, so be

3    it.  I have -- but I would like the court to help me.

4            That's it, Your Honor.

5            THE COURT:  All right.  Thank you.

6            This matter submitted, counsel?

7            MR. BLACK:  Yes, Your Honor.

8            MR. CIVILLE:  Yes, Your Honor.

9            THE COURT:  All right, thank you.

10           Mr. Su, I listened to the words that you have

11   said and read your records, and I have a couple of

12   comments before I pronounce the sentence here today.

13           First of all, I appreciate the fact that

14   you're an intelligent individual, you have the

15   intelligence to do anything you want to do; it's

16   obvious at least from an educational standpoint.  I

17   would hope that you would utilize that intelligence in

18   a way to better yourself rather than let yourself fall

19   down, fall backwards.

20           You've made a great stride, in my opinion, in

21   that you accepted responsibility for something, and

22   that is, you admitted to having the disease of

23   addiction.  That is usually a big factor in people like

24   yourself who are intelligent who are involved in these

25   types of activities.  But once you make that admission

1    and understanding, then things can move forward; it

2    can't until that time.  You have to accept

3    responsibility for your actions.  You're smart enough

4    to know that if you're, whatever happens with your wife

5    wouldn't let you in the house, your mother won't,

6    you're not accepted by anyone, that happens to people

7    all day long, but they don't turn to a life of crime or

8    don't get involved in drugs and different things,

9    especially those that have the intelligence.

10          What I would hope that you would do the next

11   time you get into that down period is, rather than go

12   to those who you think accept you but only accepting

13   you for a temporary period of time because you've got

14   something that they want, namely your money, so that

15   you can be involved in this activity again, you will

16   turn to someone for support, not just your attorney

17   when it's too late, but find some other support group,

18   because you understand what it's about.  I can't

19   believe that you can't, at least when that comes to

20   your mind, you make a decision.  I'll tell you what, if

21   you make the decision next time, you're just going to

22   go to prison and for a longer period of time.  And if

23   that makes you feel better, it's worth it to you at

24   that time, then you go right ahead.  But I don't think

25   it is, and I would hope that you would start using your

1    intelligence for some -- something that will help

2    benefit you in the future.

3          That having been said, in accordance with the

4    Sentencing Reform Act of 1984, it's the judgment of

5    this court that supervised release previously imposed

6    will be revoked.  I'm ordering that Johnny Wu Su be

7    ordered to serve a term of imprisonment of 30 months.

8          While in prison, he is to participate in a

9    drug treatment program approved by the Bureau of

10   Prisons.

11         Is there a request for a recommendation,

12   Mr. Civille?

13         MR. CIVILLE:  In Northern California,

14   preferably in the bay area, Your Honor.

15         THE COURT:  I'll make a recommendation of an

16   institution in Northern California, subject to this

17   defendant's security classification and space

18   availability as determined by the Bureau of Prisons.

19         Upon release, Mr. Su will be placed on 66

20   months of supervised release, during which he shall

21   obey all federal, state, and local laws; comply with

22   all conditions of release set forth by the sentencing

23   commission and adopted by this court; refrain from

24   unlawful use of any controlled substance; and will

25   submit to one drug test 15 days after release, at least

1    two thereafter, not to exceed eight per month.

2          To participate in a substance abuse treatment

3    program approved by the probation office for narcotic

4    and alcohol dependency.  You will also participate in

5    testing for detection of substance abuse, and will make

6    co-payment in the amount not to exceed $25 per month

7    payable to the U. S. Probation office.  Will refrain

8    from the use of alcohol, and submit to testing for use

9    of alcohol.

10         Will obtain and maintain gainful employment.

11   Will report to the U. S. Probation officer once a week

12   during the time he is employed and there after provide

13   proof that he is actively seeking employment.

14         Comply with all other previously imposed

15   conditions of this court.

16         In imposing this sentence, the court finds

17   that this is a fair, just, and reasonable sentence and

18   a sentence that is sufficient but not greater than

19   necessary to comply with the purposes set for

20   sentencing.

21         Mr. Su, as I have indicated, from his actual

22   characteristics, that this defendant is a very

23   intelligent individual who for some reason falls off

24   the wagon, if you will, from time to time and engages

25   in conduct which is not only harmful to himself, but

 1  also to his community, and more specifically to his own

 2  family.  The court finds that the time that has been

 3  imposed is sufficient to punish Mr. Su, but at the same

 4  time also provide a deterrence to others from engaging

 5  in this type of conduct, and also providing Mr. Su with

 6  sufficient tail or period of supervised release after

 7  he is released from incarceration that will allow him

 8  to have supervision and care that he needs.

 9          Counsel, is there anything else?

10          MR. CIVILLE:  No, Your Honor.

11          MR. BLACK:  No, Your Honor.

12          THE probation officer:  Regarding the

13  co-payment not to exceed $25, you stated payable to the

14  U. S. Probation office?

15          THE COURT:  Payable as directed by the

16  probation office.  Excuse me.

17          If nothing else, then this defendant will

18  remain in the custody of the United States marshal

19  pending the return to the Bureau of Prisons forthwith.

20          MR. CIVILLE:  Thank you, Your Honor.

21          MR. BLACK:  Thank you, Your Honor.

22          THE COURT:  We're in recess.

23          (Proceedings concluded at 12:20 p.m.)

24                         *  *  *

25

Wanda M. Miles
Official Court Reporter
Case 1:01-cr-00089    Document 442    Filed 11/30/2006    Page 20 of 21
District Court  Guam 12:20 p.m.

1          CERTIFICATE OF REPORTER

2

3   CITY OF AGANA        )
                          ) ss.
4   TERRITORY OF GUAM    )

5

6          I, Wanda M. Miles, Official Court Reporter

7   of the District Court of Guam, do hereby certify the

8   foregoing pages 1-20, inclusive, to be a true and

9   correct transcript of the digital recording made and

10  transcribed by me of the within-entitled proceedings

11  at the date and time therein set forth.

12          Dated this 22nd day of November, 2006.

13

14          *Wanda M. Miles*

15

16

17

18

19

20

21

22

23

24

25

Wanda M. Miles
Official Court Reporter